NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL J. MAY,**
*Plaintiff-Appellant*

**v.**

**AMGEN INC.,**
*Defendant-Appellee*

---

2023-2334

---

Appeal from the United States District Court for the Northern District of California in No. 3:10-cv-02577-WHA, Judge William H. Alsup.

---

**ON PETITION**

---

PER CURIAM.

**O R D E R**

Samuel J. May files an "amended notice of appeal" "in support of" his "petition seeking writ of mandamus."  ECF No. 1-2 at 1.  We dismiss.

Mr. May's action against Amgen Inc. in district court alleging violations under the False Claims Act was dismissed in 2012 for failure to prosecute.  *United States ex*

*rel. May v. Amgen Inc.*, No. 3:10-cv-02577-WHA (N.D. Cal. Jan. 5, 2012).  Mr. May's 2016 motion to reopen that case was denied, *United States ex rel. May v. Amgen Inc.*, No. 3:10-cv-02577-WHA (N.D. Cal. July 12, 2016), and the United States Court of Appeals for the Ninth Circuit dismissed his appeal from that denial in 2017, *May v. Amgen*, No. 16-16394 (9th Cir. Mar. 2, 2017).

Mr. May now files this "amended notice of appeal" to this court and petitions for a writ of mandamus, requesting that we direct the Attorney General "to make good on the promise to compensate violative of the Fifth Amendment Takings Clause," compel heads of agencies "to perform a duty of compensation owed by creating implied-in-fact contract," or "vacate order denying motion to reopen case." ECF No. 1-2 at 2.  We clearly lack jurisdiction to do so.  Mr. May cites 28 U.S.C. §§ 1651 and 1295(a)(1), but those statutory provisions do not grant us jurisdiction since § 1651 "is not an independent grant of appellate jurisdiction," *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999) (citation omitted), there was no patent claim alleged for § 1295(a)(1) to provide jurisdiction, and no other basis for our jurisdiction has been identified.  We also clearly lack jurisdiction to review the decision of the Ninth Circuit, and it would not be in the interest of justice to transfer to that court under 28 U.S.C. § 1631, as it has already resolved the matter.

Accordingly,

IT IS ORDERED THAT:

(1) The matter is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

October 12, 2023                    /s/ Jarrett B. Perlow
        Date                           Jarrett B. Perlow
                                       Clerk of Court